UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 07-CR-20839-PCH

UNITED STATES OF AMERICA,
        Plaintiff,

v.

GUILLERMO ZARABOZO,
        Defendant.
_____/

## ORDER DENYING DEFENDANT GUILLERMO ZARABOZO'S MOTION TO SUPPRESS PHYSICAL EVIDENCE SEIZED FROM LIFE RAFT

THIS MATTER came before the Court by virtue of the Defendant Guillermo Zarabozo's Motion to Suppress Physical Evidence Seized from Life Raft (D.E. #135), filed on May 5, 2008. The Court has carefully reviewed the Defendant's Motion, the Government's Response, the Defendant's Reply, and the parties' supplemental memoranda of law. The Court held an evidentiary hearing on August 13, 2008. The Court also heard oral argument on the Motion on August 25, 2008. The Court hereby adopts the findings of fact and conclusions of law announced in open court at the August 25, 2008 hearing. Specifically, the Court finds that the Defendant does not have standing to challenge the seizure of the physical evidence on the life raft. *See United States v. Salvucci*, 448 U.S. 83 (1980); *United States v. Sarda-Villa*, 760 F.2d 1232 (11th Cir. 1985); *United States v. Stamper*, 91 Fed. Appx. 445 (6th Cir. 2004); *United States v. Wellons*, 32 F.3d 117 (4th Cir. 1994); *United States v. Hargrove*, 647 F.2d 411 (4th Cir. 1981).

Moreover, as the Court noted at the hearing, even if the Defendant were found to have standing to assert a Fourth Amendment challenge here, the search of the life raft and its contents was valid as an "inventory search." *See Florida v. Wells*, 495 U.S. 1 (1990); *Colorado v. Bertine*, 479 U.S. 367 (1987). In addition, the search was also valid under the "exigent circumstances exception." *See Schmerber v.*

*State of California*, 384 U.S. 757 (1966); *Bashir v. Rockdale County, Ga.*, 445 F.3d 1323 (11th Cir. 2006); *United States v. Klinkosz*, 163 Fed. Appx. 827 (11th Cir. 2006); *United States v. Plavcak*, 411 F.3d 655 (6th Cir. 2005). The Government argued in its Response that three additional exceptions were also applicable. However, the Court finds that the search of the life raft does not fall under either the "search incident to arrest exception" or the "automobile exception." The "inevitable discovery exception" is also not applicable because, even though the Government had a valid search warrant for the life raft and its contents, that warrant was not actually "obtained" until after the subject search. *See United States v. Satterfield*, 743 F.2d 827, 846 (11th Cir. 1984).

For the reasons stated above and for the reasons stated in open court, it is hereby ORDERED AND ADJUDGED that the Defendant's Motion to Suppress Physical Evidence Seized from Life Raft is DENIED.

DONE AND ORDERED in chambers in Miami, Florida this 28th day of August, 2008.

PAUL C. HUCK
U.S. DISTRICT COURT JUDGE

cc: All counsel of record