UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 07-CR-20839-PCH

UNITED STATES OF AMERICA,
   Plaintiff,

v.

GUILLERMO ZARABOZO,
   Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS CAUSE is before the Court on the Government's Motion for Reconsideration of Order Granting Motion for New Trial. The Court has considered the Government's Motion, the Response filed by Defendant Guillermo Zarabozo, and pertinent portions of the record. The Government has elected not to file a reply memorandum. For the reasons set forth below, the Court concludes that the Government's newly discovered opinion in *United States v. Carter*, 300 F.3d 415 (4th Cir. 2002) does not change the Court's analysis in granting a new trial, and that the Motion for Reconsideration should therefore be denied.

"[T]here are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (citations omitted). "The applicable standard for a motion for reconsideration is that the moving party must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (internal quotation and citation omitted). The standard for granting reconsideration is strict and will generally be denied

unless the moving party can point to <u>controlling decisions or data</u> that the court overlooked. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (emphasis added).

In summary, the Government's Motion suggests that the Court erred in granting a new trial by failing to consider the opinion in *Carter*. Zarabozo, in his Response, argues that *Carter* is not on point and does not justify the Court reconsidering the granting of a new trial. The Court acknowledges that *Carter* is additional authority for the proposition that a conviction under 18 U.S.C. §924(c) does not require that a defendant be found guilty of the underlying predicate offense, whether by virtue of an acquittal or a hung jury, where there is sufficient evidence for a jury to convict on the §924(c) count. It should be clear to all that the Court was aware of that proposition and fully considered it when the Court ruled on Zarabozo's Motion for a New Trial. In its Motion, the Government fails to acknowledge the Court's full reasoning in granting Zarabozo a new trial, which took into account factors that were not considered in *Carter* or in *United States v. Frye*, 402 F.3d 1123 (11th Cir. 2005). Those additional factors included the Court's concerns about the adequacy of the jury instructions and of the Court's response to the jury's inquiry concerning the §924(c) charges. Those concerns and the Court's full reasoning were set forth in the Court's ruling and need not be repeated here.

The revelation by the Government of the pre-existing opinion in *Carter* does not change the Court's analysis or its determination that the unique circumstances presented here and the interests of justice mandate a new trial on the §924(c) charges. Accordingly, the Court finds that none of the grounds justifying reconsideration are present here, and it is hereby

ORDERED AND ADJUDGED that the Government's Motion for Reconsideration is DENIED.

DONE in chambers in Miami, Florida this 26th day of November, 2008.

PAUL C. HUCK
U.S. DISTRICT COURT JUDGE

cc: All counsel of record